**Ex parte Michael J. WARIS.**

**STATE of Missouri ex rel. Michael J. WARIS, Plaintiff,**

v.

**Hon. Mark A. YOUNGDAHL, Judge of the Municipal Court of the City of St. Joseph, Missouri, Respondent.**

**Nos. 24372, 24377.**

Kansas City Court of Appeals.

Missouri.

July 6, 1965.

Theodore M. Kranitz, Richard W. Dahms, St. Joseph, for petitioner.

Richard W. Mason, Jr., John B. Mitchell, Gene C. Thompson, St. Joseph, for respondent.

HOWARD, Judge.

The two above styled cases both grow out of the same situation and have been consolidated in this court.

In the one case, petitioner Waris by writ of habeas corpus seeks release from imprisonment pursuant to a judgment of the Municipal Court of St. Joseph, Missouri. In the other case, petitioner Waris seeks a writ

of mandamus to compel the judge of the Municipal Court of the City of St. Joseph, to allow and process his appeal from the judgment of that court. Because of the prolific nature of the proceedings had in connection with this case, they will be set out in chronological order.

On April 19, 1965, Michael J. Waris, a young man of twenty-one years, appeared in the Municipal Court in the City of St. Joseph, Missouri, and entered a plea of guilty to a charge of "failure to yield right of way", in violation of a city ordinance. Judgment was entered on the plea of guilty. The exact provisions of this judgment have been disputed, but for our purposes it imposed a fine of $30.00, plus $2.00 costs, and a sentence of six months in jail, with an unlimited stay of execution on the jail sentence. Petitioner immediately paid his fine and costs in the total amount of $32.00, and went free, without bond or any order to appear in court at a later date.

On May 18, 1965, the judge of the Municipal Court purported to revoke the stay of execution theretofore granted on April 19, 1965, and issued an execution and commitment for the confinement of petitioner under the sentence of April 19, 1965.

Thereafter, on May 21, 1965, petitioner filed an application for writ of prohibition in the Supreme Court of Missouri. The Supreme Court issued a telegraphic stop order to the judge of the Municipal Court on May 24, 1965. On this same date, May 24, 1965 (it is alleged, that the following occurred after receipt of the telegraphic stop order by the judge), petitioner was arrested under the commitment issued on May 18, 1965, pursuant to the sentence of April 19, 1965.

Within a few minutes after the arrest and on May 24, 1965, petitioner filed his writ of habeas corpus in the Circuit Court of Buchanan County, Missouri.

On May 26, 1965, the Circuit Court, in the habeas corpus proceeding, on considering the sentence imposed upon petitioner in Municipal Court on April 19th, determined "that the fine, jail sentence and Stay of Execution were inseparable parts of the sentence and that such sentence was in excess of the Municipal Court's jurisdiction". Petitioner was therefore "remanded to the Municipal Court for the assessment of a proper and lawful sentence", and directed to appear in the Municipal Court at 10 a. m. on May 27, 1965.

On May 27, 1965, petitioner appeared in Municipal Court, with his attorney, and filed his motion to withdraw his plea of guilty. The Municipal Court took no action because of the stop order theretofore issued by the Supreme Court of Missouri.

On June 14, 1965, the Supreme Court of Missouri issued a telegraphic order reading: "State ex rel Waris vs. Youngdahl, Judge. Relator's first amended petition for writ of prohibition denied because judgment has been declared invalid by circuit court and relator has adequate remedy by appeal from any future judgment."

On June 16, 1965, petitioner appeared in Municipal Court with his attorney and petitioner's motion to withdraw plea of guilty was by the court overruled. Petitioner then requested a return of the $32.00 theretofore paid as fine and costs, under the sentence of April 19, 1965. Such refund was refused. The Municipal Court then entered its judgment sentencing petitioner on his plea of guilty entered April 19, 1965, to imprisonment for a term of six months in the Buchanan County jail and a fine of $30.00, plus costs. The judgment of the court then recites, "The court on its own motion enters of record payment of said fine of thirty dollars ($30) plus payment of costs herein". Petitioner then filed his affidavit of appeal and bond. The Municipal Court denied the appeal.

Thereafter, and on the same day, June 16, 1965, petition for habeas corpus was filed in this court.

Thereafter, and on June 22, 1965, there was filed in this court a petition for writ of

mandamus to require the judge of the Municipal Court, among other things, to allow and process petitioner's appeal from the judgment of June 16, 1965.

On June 30, 1965, hearing on the petitions for habeas corpus and mandamus was held by this court, wherein petitioner's exhibits were offered and received in evidence without objection, and petitioner testified.

The gist of petitioner's testimony, in addition to being supportive of the above factual résumé of the various proceedings, was that he was not represented by an attorney when he appeared in Municipal Court on April 19, 1965, and that he had not consulted with any attorney, or any one else, prior to his entry of plea of guilty on that date. He testified that neither the city attorney, or the judge of the Municipal Court, advised him as to what his punishment would be, or as to what the limits of his punishment could be before he entered his plea of guilty; that he did not know the maximum punishment provided by the ordinance which he was charged with violating. He stated he thought he was guilty because the police officer had given him a ticket, and, for that reason, he entered a plea of guilty. He testified that he did not know at the time he entered his plea that he could receive a sentence of six months in jail, although he had appeared in Municipal Court at least once before.

It appears from the suggestions filed in the case, which are not controverted, that the maximum penalty provided for the offense with which petitioner is charged, by the municipal code of the City of St. Joseph, is a fine of not less than $1.00 and not more than $500.00, or punishment by imprisonment not to exceed six months, or by both fine and imprisonment. Thus, while the fine of $30.00 is well below the maximum provided, the sentence of six months is the maximum imprisonment provided for the offense with which the petitioner is charged.

Numerous complex legal issues are presented by the two petitions under consideration herein, and what should and normally would be a relatively simple matter, has been complicated almost beyond recognition. However, in the view we take of this case, only one issue need be considered.

■ Supreme Court Rule 37.77, V.A.M.R. authorizes the filing of a motion to withdraw a plea of guilty, at any time before judgment is entered, etc. This rule was, in fact, complied with when such motion was filed after the purported judgment of April 19, 1965, had been declared void by the circuit court, and before the re-sentencing of petitioner on June 16, 1965. Thus the motion was properly before the Municipal Court for consideration and called for an exercise of sound judicial discretion by the judge thereof. If such discretion was abused, the ruling of the court can not be allowed to stand.

■ It appears that by the original judgment of April 19, 1965, the court imposed a fine of $30.00, plus costs, and then entered judgment for six months imprisonment with an unlimited stay of execution. Such stay of execution was clearly beyond the power of the court, and since petitioner was allowed to depart without bond, as required by the clear and unequivocal provision of the rules, or without an order to return at a day certain, it is apparent that the court, at that time, did not in fact contemplate service of such sentence of imprisonment.

While it appears that petitioner's plea of guilty was not coerced or the result of any pressures or promises, we are mindful that we are considering a young man, who entered his plea of guilty without benefit of advice from counsel, or any one else, and who testified that he entered such plea because, since the police officer had given him a ticket, he presumed he was guilty. Disregarding for the moment the unlimited stay of execution, petitioner's original sentence involved the maximum term of imprisonment authorized by the city ordinance, and

it appears that after the Circuit Court, in response to petitioner's application, had declared the original sentence void, the Municipal Court refused to allow a withdrawal of the plea of guilty, although petitioner contended that he did in fact have a good defense, and was not guilty as charged; that the court refused to return the money paid as fine and costs, pursuant to the void sentence of April 19, 1965, and proceeded to impose a new judgment, in exactly the same terms as the void judgment of April 19th, but without any stay of execution, which again included the maximum imprisonment authorized. This in a case wherein petitioner was charged with "failure to yield right of way".

The motion to withdraw the plea of guilty was filed within the time prescribed by the rule, and it does not appear that the city would, in any way, be prejudiced by the passage of time from the original sentence on April 19th, to the ruling on the motion to withdraw plea of guilty on June 16th. This is especially so, in view of the fact that the situation existing on June 16th was the result of the illegal and invalid action of the court before which the petitioner was then appearing. From the foregoing considerations, we conclude that the Municipal Court abused its discretion in denying petitioner's motion to withdraw his plea of guilty.

It is therefore ordered that the judgment and sentence of·the Municipal Court of the City of St. Joseph, Missouri, entered against petitioner Michael J. Waris on June 16, 1965, be and the same is hereby set aside and vacated, and that the judge of the Municipal Court of the City of St. Joseph, Missouri, is ordered and directed to grant said motion to set aside petitioner's plea of guilty entered in said court on April 19, 1965, and petitioner is remanded to the custody of the Municipal Court of the City of St. Joseph, Missouri, for the purpose of entering his plea to the charge of "failure to yield right of way" pending against him in said court, and that petitioner be permitted to be released on bond, in normal course, pending the action of said Municipal Court.

HUNTER, J., concurs.

CROSS, P. J., not participating.